# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3994 | **DATE** | 3/28/2003 |
| **CASE TITLE** | Larry C. Patterson vs. Thrall Car | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The defendant's motion for summary judgment pursuant to FRCP 56 [20-1] is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | MAR 3 1 2003 | | **33** |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | MAR 3 2003 | | |
| TSA | courtroom deputy's initials | 03 MAR 28 PM 3: 57 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

| | | |
|---|---|---|
| LARRY C. PATTERSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. 99 C 3994 | |
| | ) | |
| THRALL CAR a/k/a TRINITY RAIL | ) Wayne R. Andersen | |
| GROUP, INC., LLC. | ) District Judge | |
| | ) | |
| Defendant. | ) | |

**MAR 3 1 2003**

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of the defendant, Thrall Car Manufacturing Company n/k/a Trinity Rail Group, Inc., LLC, for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the motion is denied.

### BACKGROUND

Pro se plaintiff Larry Patterson was employed by Thrall Car Manufacturing Company ("TCMC") from September 7, 1984 to December 20, 1996. After filing charges with the Equal Employment Opportunity Commission, plaintiff filed a complaint against TCMC in this Court for employment discrimination on June 16, 1999. In his complaint, plaintiff alleges that he was discriminated against because of his age and race, in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.

On October 27, 2001, Trinity Industries, Inc., a publicly held corporation, completed a merger and acquisition, in which it acquired 100% of TCMC. As of that date, plaintiff had not yet obtained service on the defendant. This case remained inactive until a status hearing on June 25, 2002. At that time, pro se plaintiff went before this Court and explained that he

had not served the defendant, in part, because of the confusion surrounding the company's name after a recent merger and because he was unaware that he was supposed to serve the defendant. This Court granted plaintiff's leave to amend his complaint and name Trinity Rail Group, Inc. as a defendant. Plaintiff amended his complaint on July 15, 2002, and the defendant was served with the summons and complaint on July 16, 2002, the following day.

In its current motion, defendant TCMC n/k/a Trinity Rail Group, Inc. (hereinafter referred to as "defendant") argues that it is entitled to summary judgment because it did not receive service of the summons within 120 days of the filing of plaintiff's initial complaint, in violation of Fed.R.Civ.P. 4.

## DISCUSSION

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Howard v. Lear Corp. Eeds and Interiors,* 234 F.3d 1002, 1004 (7th Cir. 2000); *Mills v. Health Care Serv. Corp,* 171 F.3d 450, 458 (7th Cir. 1999). When examining the evidence, the Court should resolve all ambiguities and draw all inferences in favor of the non-moving party. *Day v. Colt Const. & Dev. Co.,* 28 F.3d 1446, 1453 (7th Cir. 1994).

Federal Rule of Civil Procedure 4(m) sets forth the time limits for service in federal court. Specifically, the rule states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice of the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Federal Rule of Civil Procedure 4(m).

We held at the June 25, 2002 status hearing that the plaintiff could amend his complaint to name the correct defendant. At that hearing, we "direct[ed] that service be effected within a specified time" as Rule 4m provides. Thus, we granted plaintiff a permissible extension of time within which to file his amended complaint and serve the defendant. Nineteen days later, on July 15, 2002, plaintiff filed his amended complaint naming Trinity Rail Group, Inc. One day later, plaintiff served defendant with the summons and complaint. Therefore, we find that plaintiff properly complied with our directive by serving the defendant within twenty days of the status hearing.

At that hearing, we, in effect, held that plaintiff is entitled to a discretionary or permissive extension of time to serve the defendant. Factors which courts have considered in deciding whether to grant a permissible or discretionary extension are: lack of an address; an evasive defendant; having to proceed without counsel; and other extenuating circumstances. *See Davis v. National Railroad Passenger Corporation,* a/k/a *Amtrak,* 1997 WL 527287, *3 (N.D.Ill.) (citing *Cf. MCI Telecomm. Corp., v. Teleconcepts, Inc.,* 71 F.3d at 1086, 1097-98 (3rd Cir. 1995)(incorrect address is grounds for permissible discretion under Rule 4(m)), *cert denied,* 117 S.Ct. 64 (1996), *Espinoza v. United States,* 52 F.3d 838, 842 (10th Cir. 1995)(plaintiff's *pro se* status should be a factor for the court's consideration in determining whether a permissive extension of time should be granted).

We acknowledge that there is no evidence that the defendant attempted to evade service or conceal its true address in this case. However, we recognize that plaintiff did not have the assistance of counsel and that not allowing plaintiff an extension of time would, in effect, close

3

the courthouse doors to him because of the running of the statute of limitations. Further, we consider the defendant's corporate name change as a potential area of confusion for the pro se plaintiff. In sum, we believe that these factors weighed in favor of granting the plaintiff a permissible extension of time.

For these reasons, defendant's motion for summary judgment is denied.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 is denied. (#20-1)

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: March 28, 2003